IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SARAH PORTER | § | |
| | § | |
| | § | |
| V. | § | CIVIL NO. A-10-CV-701 JRN |
| | § | |
| MICHAEL ASTRUE, | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE JAMES R. NOWLIN
SENIOR UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. GENERAL BACKGROUND

On September 20, 2010, Plaintiff Sarah Porter filed the above-styled lawsuit, pursuant to 42 U.S.C. § 405(g), for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's applications for benefits. Plaintiff originally filed her Applications for Social Security Disability Insurance Benefits and Supplemental Security Income under Title II and Title XVI of the Social Security Act on October 17, 2007, alleging that she became disabled on June 15, 2007, due to pain, fibromyalgia, depression, foot and ankle pain and memory loss. On April 22, 2009, after a hearing, an Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not under a disability as defined by the Social Security Act.

Plaintiff appealed the ALJ's decision to the Appeals Council, which denied her request for review on August 13, 2009. Plaintiff then filed a Request to Reopen the Appeals Council's denial based upon new and material evidence. This "new and material evidence" consisted of medical records showing that Plaintiff was diagnosed with chronic cholecystitis in February 2009, underwent two foot surgeries in May and September 2009, was diagnosed by a treating physician with chronic pain, abdominal pain, and post traumatic stress disorder. Although the Appeals Council stated that it considered the "additional information," it "found no reason under our rules to review the Administrative Law Judge's decision" and thus denied Plaintiff's request for review. Tr. at 2. The Appeals Council explained that it denied Plaintiff's request to reopen because "[t]he medical evidence submitted with the request for reopening. . . *is dated after the hearing decision was issued.*" Tr. at 4 (emphasis added).

On January 24, 2011, Plaintiff filed a Motion to Supplement the Record and for Extension of Time to File Plaintiff's Opening Brief, requesting that the Court supplement the Official Transcript with the medical records which were submitted to the Appeals Council, but apparently not made part of the Official Transcript of the case, or in the alternative, to remand the case to the Commissioner for further administrative proceedings. *See* Clerk's Docket No. 13. In that Motion, Plaintiff argued that the Appeals Council's decision violated 20 C.F.R. § 404.976(b)(1) because the medical evidence submitted with her Request for Reopening either predated the ALJ's decision or "related back" to the period adjudicated by the ALJ, in contrast to the Appeals Council's findings. Plaintiff also argued that the Appeals Council failed to supplement the record with the additional evidence and failed to return the evidence to her as is required by the regulations. While the Court agreed with Plaintiff that the Appeals Council's finding that the submitted evidence was "dated after

the hearing decision was issued" was erroneous – since the evidence was dated either before the ALJ's written decision[1] of April 22, 2009, or "related back"[2] to the relevant disability time period—it nevertheless denied Plaintiff's Motion to Supplement the Record because "[o]nly the Commissioner has the power to certify the Official Transcript of the record in a Social Security case." *See* Order dated May 20, 2011 (Clerk's Docket No. 24) (citing 42 U.S.C. § 405(g)). However, the Court did note that it had the authority to remand the case to the Commissioner and order consideration of additional evidence pursuant to sentence six of 42 U.S.C. § 405(g). Because the Parties had not sufficiently addressed the remand issue, the Court ordered the Parties to submit further briefs on the matter. Having now received the Parties' briefs[3] on the matter, the Court will now determine whether this case should be remanded to the Commissioner.

## II. ANALYSIS

As noted above, Plaintiff contends that the Appeals Council failed to properly consider the new evidence she submitted with her appeal of the ALJ's decision as is required by 20 C.F.R. § 404.976(b)(1). Section 404.976(b)(1) provides, in relevant part, the following:

> The Appeals Council will consider all the evidence in the administrative law judge hearing record as well *as any new and material evidence submitted to it which relates to the period on or before the date of the administrative law judge hearing decision.* If you submit evidence which does not relate to the period on or before the date of the administrative law judge hearing decision, the Appeals Council will return the

---

[1] 20 C.F.R. § 404.976(b)(1) provides that the Appeals Council will consider new and material evidence submitted to it which relates to the period on or before the date of the administrative law judge *hearing decision*," and not just the hearing.

[2] *See Martinez v. Astrue,* 2007 WL 3144026 at * 2 (5th Cir. Oct. 24, 2007) ("The Appeals Council is permitted to consider additional evidence only if it is new, material, and *related to the period* on or before the ALJ's hearing decision") (citing 20 C.F.R. § 404.970(b), 404.976(B)).

[3] See Clerk's Docket Nos. 25 & 26.

3

> additional evidence to you with an explanation as to why it did not accept the additional evidence and will advise you of your right to file a new application. The notice returning the evidence to you will also advise you that if you file a new application within 6 months after the date of the Appeals Council's notice, your request for review will constitute a written statement indicating an intent to claim benefits in accordance with § 404.630.20 C.F.R.

20 C.F.R. § 404.976(b)(1) (emphasis added). Thus, "[t]he Appeals Council must consider evidence presented to it for the first time when the evidence is new and material." *Schriner v. Commissioner, Social Security Admin.*, 2010 WL 2941120 (N.D. Tex. June 22, 2010). Plaintiff argues that the Appeals Council violated this regulation and committed legal error by (1) finding that the evidence did not relate to the relevant time period, (2) failing to return the additional evidence to Plaintiff and (3) failing to sufficiently explain why it did not accept the additional evidence. Thus, Plaintiff requests that the Court remand the case to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) for consideration of the additional evidence.

As explained above and in the Court's previous order, Plaintiff is correct that the Appeals Council committed legal error when it perfunctorily dismissed Plaintiffs' submitted evidence based on an erroneous finding that it was outside the relevant time period. *See Henderson v. Astrue,* 2011 WL 540286 at * 3 (N.D. Tex. Feb. 15, 2011) ("The Appeals Council's failure to take into account new and material evidence submitted to it is legal error."); *Schriner*, 2010 WL 2941120 at * 5 (holding that it was legal error for the Appeals Council to have failed to consider evidence based on erroneous finding that it was outside of relevant tine period). A reviewing court may remand a case to the Appeals Council if it fails to consider new and material evidence. *Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992). Pursuant to sentence six of 42 U.S.C. § 405(g), a federal court may remand a case to the Commissioner for the consideration of additional evidence if the claimant can show

(1) that there is "new evidence" (2) which is "material" and (3) that there is "good cause" for the failure to incorporate such evidence into the record in a prior proceeding. 42 U.S.C. § 405(g)

The new evidence Plaintiff submitted to the Appeals Council consisted of medical records showing that (1) Plaintiff was diagnosed with chronic cholecystitis in February 2009, (2) underwent two foot surgeries in May and September 2009 and (3) was diagnosed by a treating physician with chronic pain, abdominal pain and post traumatic stress disorder. It is undisputed that the above evidence was "new" since the medical records were dated after the administrative hearing in the case. The Court also finds that there was *good cause* for the evidence not to have been made part of the record in the underlying case since the Appeals Council failed to consider the evidence and the evidence was produced after the ALJ's hearing. Therefore, the Court must now determine whether this new evidence is *material.*

In order to show materiality, Plaintiff must show that (1) the evidence relates to the time period for which the disability benefits were denied and (2) that there is a "reasonable possibility[4] that it would have changed the outcome of the Secretary's decision." *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir. 1981). Evidence is not material if it relates to a disability or to the deterioration of a previously non-disabling condition resulting after the period for which benefits are sought. *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994).

---

[4] *In Latham v. Shalala*, 36 F.3d 482, 483 at n.1 (5th Cir. 1994), the Fifth Circuit clarified that while some previous decisions have used a different standard for materiality such as requiring that the evidence would have "likely" changed the decision, "the 'reasonable probability' standard for materiality continues to apply in the Fifth Circuit." *See also*, *Brumbelow v. Apfel*, 2001 WL 1543852 at* 1 n. 3 (N.D. Tex. Nov. 30, 2001) (explaining that the standard is a reasonable *possibility* and not a reasonable *probability*).+

The Court will first determine whether the medical records related to Plaintiff's gastrointestinal problems are material. This evidence consists of medical records showing that after Plaintiff had repeatedly complained of abdominal pain and gastrointestinal problems, she had a HIDA scan which revealed that she was suffering from chronic cholecystitis.[5] *See* Exhibit A. A few days later, Plaintiff underwent surgery to remove her gallbladder. These medical records are material because in her determination that Plaintiff retained the residual functional capacity to perform a limited range of sedentary work, the ALJ relied heavily on the fact that there was "little objective evidence" in the records to verify Plaintiff's complaints. *Id.* at p. 6. For example, the ALJ found that Plaintiff's complaints of gastrointestinal problems were not credible since there was no objective medical evidence to support such complaints. In particular, the ALJ noted that several ultrasounds of Plaintiff revealed no irregularities or problems. However, the HIDA scan, the diagnosis of chronic cholecystitis and resulting surgery, all provide objective medical evidence to support Plaintiff's longstanding complaints of gastrointestinal problems. This additional evidence might well have changed the ALJ's decision with regard to Plaintiff's gastrointestinal problems. Moreover, this evidence clearly relates back to the relevant disability time period, since it demonstrated a basis for Plaintiff's subjective complaints of gastrointestinal problems since 2007. *See Latham,* 36 F.3d at 483 (finding that the VA rating met timing element of materiality since it related to the time period for which benefits were denied). The Court finds that there is a reasonable possibility that this evidence would have changed the outcome of the ALJ's decision.

---

[5]"Chronic cholecystitis" is a chronic inflammation of the gallbladder. STEDMAN'S MEDICAL DICTIONARY 337. (27th ed. 2000).

Plaintiff also submitted new evidence to the Appeals Council showing that she underwent two additional right ankle surgeries in May and September of 2009. The Court also finds that the evidence is material since it undermines the ALJ's finding that Plaintiff's previous ankle surgeries (in April 2008 and January 2009) would not result in complications lasting more than 12 months. ALJ Decision at p. 10. The evidence relates back to the relevant disability time period since the surgeries were performed in the 12 months following the ALJ's opinion as referenced in her decision. The Court finds that there is a reasonable possibility that this new evidence would have changed the outcome of the ALJ's finding that Plaintiff's ankle impairments did not meet the Listing of Impairments.[6]

Based upon the foregoing, the Court finds that this case should be remanded to the Commissioner for consideration of the new and material evidence submitted to the Appeals Council in accordance with sentence six of § 405(g). See *Mann v. Gardner*, 380 F.2d 182, 186-87 (5th Cir. 1967) (remanding case where Appeals Council "perfunctorily adopted the recommended decision of the Hearing Examiner without adequate evaluation of the newly discovered medical evidence."); *Clark v. Astrue,* 2010 WL 5107066 at * 4 (S.D. Miss. Oct. 28, 2010) (remanding case under where Appeals Council failed to accept newly submitted evidence from claimant); *Davila v. Shalala*, 848 F. Supp. 1141, 1144 (S.D.N.Y. 1994) (finding that where a case involves administrative procedural difficulties, such as failure by the agency to obtain the files or reconstruct a record, good cause exists for permitting remand to the Secretary for appropriate action to produce a complete record of the

---

[6]While the Court is not convinced that there is a reasonable possibility that the Plaintiff's treating physician's clarification letter would change the outcome of the ALJ's decision by itself, in conjunction with the other evidence submitted to the Appeals Council, the Court finds that the the clarification letter is relevant tot he disability determination and should be considered on remand.

case). The Magistrate Court further recommends that the District Court retain jurisdiction over this case pending completion of the remand proceedings before the Social Security Administration, in accordance with sentence six of 42 U.S.C. § 405(g). *See e.g., Shalala v. Schaefer*, 509 U.S. 292, 297 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 98-102 (1991); *Istre v. Apfel*, 208 F.3d 517, 519 (5th Cir. 2000).

## III. RECOMMENDATION

The Magistrate Court RECOMMENDS that the District Court REMAND this case to the Social Security Commissioner for consideration of new and material evidence submitted to the Appeals Council, pursuant to sentence six of 42 U.S.C. § 405(g). The Magistrate Court FURTHER RECOMMENDS that the Court retain jurisdiction over this case pending completion of the remand proceedings before the Social Security Administration, in accordance with sentence six of 42 U.S.C. § 405(g).

## IV. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

district court. *See* 28 U.S.C. § 636(b)(1)(C) (2006); *Thomas v. Arn*, 474 U.S. 140, 150–153 (1985); *Lisson v. O'Hare*, 326 F. App'x 259, 260 (5th Cir. 2009).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of August, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE